# EXHIBIT 1



**null / ALL**
**Transmittal Number: 20671267**
**Date Processed: 11/11/2019**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| Electronic copy provided to: | Carmen Solis<br>Griselda Mejia<br>Debra Brake<br>Danielle Lopez<br>Ruby Esquivel |

| | |
|---|---|
| Entity: | USAA Casualty Insurance Company<br>Entity ID Number 3692525 |
| Entity Served: | USAA Casualty Insurance Company |
| Title of Action: | Kerry Whitworth vs. USAA Casualty Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Whatcom County Superior Court, WA |
| Case/Reference No: | 19 2 02056 37 |
| Jurisdiction Served: | Washington |
| Date Served on CSC: | 11/08/2019 |
| Answer or Appearance Due: | 40 Days |
| Originally Served On: | WA Office of Insurance Commissioner on 11/04/2019 |
| How Served: | Certified Mail |
| Sender Information: | Tom Lester<br>360-733-5774 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

USAA Confidential

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



www.insurance.wa.gov

**OFFICE OF**

## INSURANCE COMMISSIONER

Certificate number **19942** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 11/04/2019 |
| Certificate Issued: | 11/04/2019 |
| Issued By: | Jo Wiss |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70181130000183365366 |
| Service Requested Upon: | USAA CASUALTY INSURANCE COMPANY<br>CORPORATION SERVICE COMPANY<br>300 DESCHUTES WAY SW SUITE 304<br>TUMWATER, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | TOM LESTER<br>LESTER & ASSOCIATES PS INC<br>119 N COMMERCIAL ST<br>STE 175<br>BELLINGHAM, WA 98225 US<br>360-733-5774<br>tom@lesterandassociates.com |
| Case Number: | 19-2-02056-37 |
| Plaintiff: | KERRY WHITWORTH, |
| Defendant: | USAA CASUALTY INSURANCE COMPANY, a foreign insurer, licensed in the State of Washington, |
| Documents: | SUMMONS<br>COMPLAINT FOR DECLARATORY JUDGMENT, DENIED INSURANCE BENEFITS, BREACH OF CONTRACT, NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES, BAD FAITH AND CONSUMER PROTECTION ACT VIOLATIONS |
| Copies Sent To: | TOM LESTER<br>USAA CASUALTY INSURANCE COMPANY |

0901119ca62a5c85

USAA Confidential

ROBERT E. OLSON
FILED
COUNTY CLERK

2019 OCT 31 PM 2:57

WHATCOM COUNTY
WASHINGTON

BY_____

Insurance Commissioner
ACCEPTED SOP

NOV 0 4 2019

TIME: _____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| KERRY WHITWORTH, | NO. |
| Plaintiff, | 19 2 02056 37 |
| v. | SUMMONS |
| USAA CASUALTY INSURANCE COMPANY, a foreign insurer, licensed in the State of Washington, | |
| Defendant. | |

A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.  In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 40 days from the date this summons was served, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what s/he asks for because you have not responded.  If you serve a notice of appearance on the

SUMMONS -1-

Law Offices of
LESTER & ASSOCIATES, P.S., INC.
119 N. Commercial St., Ste 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

USAA Confidential

0901119ca62a5c85

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court.  If you do so, the demand must be in writing and must be served upon the plaintiff.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

**DATED** this 31st day of October, 2019.

**LESTER & ASSOCIATES, P.S., INC.**

Tom Lester, WSBA #15814
Attorney for Plaintiff

File Response with:

**Clerk of the Superior Court**
Whatcom County Courthouse
311 Grand Avenue, 3rd Floor
Bellingham, WA 98225

Serve a copy of your response
on the undersigned attorney(s):

**Tom Lester**
LESTER & ASSOCIATES, P.S., INC.
119 N. Commercial St., Ste 175
Bellingham, WA 98225
(360) 733-5774

SUMMONS -2-

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

USAA Confidential

0901119ca62a5c85

ROBERT E. OLSON
FILED
COUNTY CLERK

2019 OCT 31  PM 2:57

WHATCOM COUNTY
WASHINGTON

BY_____

Insurance Commissioner
**ACCEPTED SOP**

**NOV 0 4 2019**

TIME:_____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR WHATCOM COUNTY

| | |
|---|---|
| **KERRY WHITWORTH,** | ) |
| Plaintiff, | ) NO. 19 2 02056 37 |
| | ) |
| v. | ) **COMPLAINT FOR DECLARATORY** |
| | ) **JUDGMENT, DENIED INSURANCE** |
| **USAA CASUALTY INSURANCE** | ) **BENEFITS, BREACH OF CONTRACT,** |
| **COMPANY,** a foreign insurer, licensed in | ) **NEGLIGENCE, UNFAIR INSURANCE** |
| the State of Washington, | ) **TRADE PRACTICES, BAD FAITH** |
| | ) **AND CONSUMER PROTECTION ACT** |
| Defendant. | ) **VIOLATIONS** |
| | ) |

**COMES NOW** Plaintiff, Kerry Whitworth, and as cause of action against Defendant, USAA Casualty Insurance Company, claims and alleges as follows:

1.     At all times material, Plaintiff was a resident of Whatcom County, Washington.

2.     Defendant is a foreign insurer licensed by the Washington State Insurance Commissioner to do business in the State of Washington.

3.     Defendant sells insurance and adjusts claims in Whatcom County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED INSURANCE BENEFITS, BREACH OF CONTRACT, NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES, BAD FAITH AND CONSUMER PROTECTION ACT VIOLATIONS - Page 1

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA 98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a3c85

USAA Confidential

4.      On information and belief, Defendant, as an entity, is a reciprocal interinsurance exchange.

5.      Plaintiff is insured under USAA Washington Auto Policy #00221 67 02C 7102 7.  Said policy was in force and effect on April 29, 2018 and continues in effect to this day.  A true and correct copy of said policy is attached hereto as Exhibit A.

6.      Plaintiff's policy with Defendant affords Personal Injury Protection coverage ["PIP"] for medically necessary and appropriate medical and hospital services incurred by an insured person within three years from the date of the automobile accident.

7.      Plaintiff's policy with Defendant affords Personal Injury Protection ["PIP"] coverage for care and treatment prescribed by a licensed physician or other licensed medical provider to treat bodily injuries caused by an auto accident.

8.      Plaintiff's policy with Defendant defines covered medical treatment under PIP that is:

a. Consistent with the symptoms, diagnosis, and treatment of the covered person's injury and appropriately documented in the covered person's medical records;

b. Provided in accordance with recognized standards of care for the covered person's injury at the time the charge is incurred;

c. Consistent with published practice guidelines and technology and assessment standards of national organizations or multi-disciplinary medial groups;

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED INSURANCE BENEFITS, BREACH OF CONTRACT, NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES, BAD FAITH AND CONSUMER PROTECTION ACT VIOLATIONS - Page 2

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

0901119ca62a5c85

d.  Not primarily for the convenience of the covered person, his or her physician, hospital or other health care provider;

e.  The most appropriate supply or level of service that can be safely provided to the covered person; and

f.  Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

9.  Washington State insurance regulations applicable to PIP coverage identifies as the only grounds for limiting or denying medical or hospital services when the services:

a.  Are not reasonable;

b.  Are not necessary; and

c.  Are not incurred within three years of the automobile accident.

10.  A Washington statute, RCW 48.22.005(7) defines "medical and hospital benefits" to mean:

…payments for all reasonable and necessary expenses incurred by or on behalf of the insured for injuries sustained as a result of an automobile accident…

11.  The subject Defendant policy provides: "If any of the terms of this policy conflict with state or local law, state or local law will apply."

12.  The denial of insurance benefits complained of herein was for medical care Plaintiff received in Whatcom County, Washington.

13.  Jurisdiction and venue are proper.

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 3

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

0901119ca62a5c85

14.     On April 29, 2018, Plaintiff was involved in a car crash on at the intersection of Van Dyk Road and Hannegan Road in Whatcom County, Washington. Plaintiff was travelling North on Hannegan Road at the posted speed limit of (50 mph) when another vehicle failed to stop at the intersection and struck Plaintiff.  The impact caused the Plaintiff's car to end up in the Southbound lanes facing Southwest.

15.     Plaintiff lost consciousness at the scene.  EMS from Lynden identified possible lower-leg fracture and wrist injuries.  Plaintiff was transported by ambulance to St. Joseph Hospital.

16.     The car crash has required the Plaintiff to obtain treatment for multiple acute conditions and aggravations of pre-existing conditions that were under control prior to the car crash.  The specific injuries include but are not limited to

- S83.92XD – Sprains and strains of knee and leg
- S20.219A – Contusions of chest wall
- S63.501D – Wrist sprain, unspecified
- S13.4XXS – Cervical sprain
- S30.1XXA – Contusion of abdominal wall
- T14.8 – Multiple bruises, NEC
- T14.8 – Multiple infected superficial abrasions
- R22.42 – Leg Swelling
- S90.00XA – Contusion of ankle
- R32 – Urinary incontinence
- S80.12XA – Hematoma of lower leg
- S60.229A – Contusion of hand, except fingers
- M54.5 – Low back pain
- M54.2 – Cervicalgia
- M79.641- Pain in right hand
- M79.672 – Pain in left foot
- R26.89 – Other abnormalities of gait and mobility
- G47.00 – Insomnia
- S92.109A – Closed fracture of talus
- SX80.12XA – Contusion left lower leg
- mild partial tear of deep fibers of the deltoid ligament at the talar attachment

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED INSURANCE BENEFITS, BREACH OF CONTRACT, NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES, BAD FAITH AND CONSUMER PROTECTION ACT VIOLATIONS - Page 4

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

0901119ca62a5c85

- abnormal signal intensity at the sinus tarsi consistent with sinus tarsi syndrome
- tendinopathy and partial thickness tearing of peroneus brevis tendon distal to the fibular tip
- subcutaneous fluid collections on shin
- Flare up of Addision
- Carpal tunnel issues requiring surgery
- Left shoulder injury requiring surgery

17.     Each of the injuries and aggravations identified in paragraph 16, are casually connected to the car crash by Plaintiff's care-providers.

18.     Plaintiff's policy with Defendant afforded $50,000 in Med Pay Personal Injury Protection Coverage.

19.     Defendant initially paid for some car-crash-related-medical treatment for Plaintiff.  Thereafter, Defendant has been hit or miss on payment for necessary care. Despite repeated demand, Defendant has failed to provide coherent written bases for its denials or reductions beyond cryptic-inconsistent Explanations of Reimbursement.

20.     To date, over 115 Explanations of Reimbursement have been sent to Plaintiff but no response has been provided to Plaintiff's June 27, 2019 letter requesting specific responses to Defendant's denials.

21.     Defendant paid its Underinsured Motorist ("UIM") policy limits of $100,000 on August 21, 2019.

22.     To date, Defendant refuses to abandon its possible subrogation claims against Plaintiff for those PIP benefits provided by Defendant.

23.     That refusal to acknowledge Plaintiff was not made whole by Defendant's UIM payment is unnecessarily delaying Plaintiff's access to the UIM

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 5

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a9c85

USAA Confidential

benefits. Those delays have injured Plaintiff in an amount to be proven at trial. Defendant has no basis to withhold waiver of subrogation claims.

24.     On or about September 10, 2019, Plaintiff, by and through legal counsel, served Defendant with a pre-suit notice under Washington's Insurance Fair Conduct Act.

25.     Defendant did not respond to the pre-suit notice.

26.     At the Plaintiff's urging, over the ensuing few months, Defendant began reviewing previously denied medical costs. Some bills were pain in full, or in part, for treatment which was incurred as far back as 15 months prior.

27.     Numerous accident-related medical costs remain unpaid by Defendant. Plaintiff has been turned over to collection for some of his accident related medical costs and denied financing for Plaintiff's credit worthiness damages caused by Defendant's denials and underpayment.

28.     In addition, Plaintiff has been forced to pay for certain reasonable and necessary care made necessary by the car crash from his personal funds. This has occurred despite the fact the full $50,000 PIP benefit Plaintiff contracted and paid for is not exhausted. Only $45,104.90 of the $50,000 PIP benefit had been paid as of October 24, 2019.

**Bad Faith**

29.     Defendant, through its agents and employees, had an obligation to fully and fairly adjust and pay for accident-related medical care and treatment, and to otherwise act in good faith towards its insured.

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 6

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA 98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

30.     Defendant failed to fully and fairly adjust Plaintiff's claim and otherwise acted in bad faith.

31.     Defendant has a duty not to place its interests above those of its insured.

32.     Defendant breached said duty resulting in the damages complained of.

33.     The business of insurance, including the acts and practices of insurers, its agents and employees, is subject to the Washington Administrative Code governing the business of insurance, and in particular, WAC 284-30.

34.     Washington's PIP statute, RCW 48.22.005(7), defines medical and hospital benefits as "payments for all reasonable and necessary expenses incurred by or on behalf of the insured for injuries sustained as a result of an automobile accident…"

35.     Defendant is in violation of RCW 48.22.005(7) for refusing to pay all reasonable and necessary expenses incurred by Plaintiff as a result of his April 29, 2018, car crash.

36.     Washington's insurance trade practice regulations as set forth in WAC 284-30-330 identify the following as unfair trade practices:

(1) Misrepresenting pertinent facts or insurance policy provisions.

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(4) Refusing to pay claims without conducting a reasonable investigation.

(5) Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 7

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

37.     Defendant is in violation of WAC 284-30-330 (1-5).

38.     Washington's insurance trade practice regulation, WAC 284-30-395, sets forth the standards for prompt, fair and equitable settlements of personal injury protection claims.

39.     Defendant is in violation of WAC 284-30-395, including but not limited to, for consulting and relying on health care providers to limit or deny Plaintiff's PIP medical benefits who are not licensed to practice in the same field or specialty as the health care providers that treated the plaintiff.

40.     Defendant is in violation of WAC 284-30-395(2) for refusing to provide the reasons for its actions to deny, limit, or terminate PIP benefits and for refusing to provide copies of pertinent documents.

41.     Violations of the standards for unfair claims settlement practices under WAC 284-30, et seq. represent unfair practices pursuant to RCW 48.30, et seq. and Washington's Insurance Fair Conduct Act.

42.     Defendant's actions and inactions are in violation of RCW 48.30.010 and its duty of good faith which requires that all its actions be actuated in good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance.

43.     As a consequence of Defendant's violation of Washington's Insurance Fair Conduct Act, other statutory law, and Washington's insurance trade practice regulations, Plaintiff is entitled to actual damages and exemplary damages up to three times all actual damages.

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 8

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a5c85

USAA Confidential

44.     On or about September 10, 2019, Plaintiff sent Defendant a pre-suit Notice of Claim under Washington's Insurance Fair Conduct Act, and a copy served on the Washington State Insurance Commissioner. More than twenty days have elapsed since service of the pre-suit notice. A true and correct copy of the pre-suit notice served on Defendant is attached hereto as Exhibit B.

**Breach of Contract**

45.     Defendant had certain contractual obligations to its insured, both express and implied, including but not limited to, the obligation to fully and timely investigate and to pay for medically necessary care and treatment for injuries caused by the April 29, 2018, car crash.

46.     Defendant breached its policy by denying PIP benefits as described herein.

47.     Plaintiff had a reasonable expectation of the peace of mind which comes with purchasing insurance.

48.     As a consequence of Defendant's breach of contract, Plaintiff has been denied the benefit of his insurance contract and has suffered harm in an amount to be proven at trial. Damages include, but are not necessarily limited to, the cost of denied treatment, the loss of peace of mind which comes with purchasing insurance, diminished credit for unpaid medical bills, out-of-pocket payment for necessary care, and all attorney fees and costs incurred to make Defendants meet its obligations to Plaintiff under its Insurance Contract with Plaintiff and Washington law.

**Negligence**

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED INSURANCE BENEFITS, BREACH OF CONTRACT, NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES, BAD FAITH AND CONSUMER PROTECTION ACT VIOLATIONS - Page 9

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW
119 N. Commercial Street, Suite 175
Bellingham, WA 98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca02a5c85

USAA Confidential

49.     Defendant had a common law duty to exercise reasonable care in the manner in which it determined the reasonable necessity of the Plaintiff's accident-related medical care and the reasonable cost thereof.

50.     Defendant breached said duty of care in the handling of Plaintiff's PIP claim.

51.     As a proximate result of Defendant's negligence, Plaintiff has suffered economic and non-economic damages in an amount to be proven at trial.

**Consumer Protection Act Violation**

52.     The actions of Defendant complained of herein, and in particular its violations of Washington insurance statutes and insurance trade practice regulations, constitute deceptive business practices in violation of Washington's Consumer Protection Act, RCW 19.86.

53.     As a consequence of Defendant's violation of the Washington Consumer Protection Act, Plaintiff is entitled to up to treble damages, along with all costs and fees incurred herein.

**Declaratory Judgment**

54.     An actual controversy has arisen and now exists as to whether Defendant's policy affords PIP coverage for the care and treatment Plaintiff was denied by Defendant.  Pursuant to RCW 7.24, the Uniform Declaratory Judgment Act of the State of Washington, Plaintiff is entitled to a declaration of rights determining coverage for unpaid medical expenses.

**WHEREFORE,** Plaintiff seeks the following relief;

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 10

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW,
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a5c85

USAA Confidential

a.    For a declaration that the medical treatment denied by Defendant as alleged herein is covered;

b.    For a determination that Defendant has no subrogated claims against Plaintiff since Plaintiff was not made whole by Defendant's payment of its $100,000 UIM policy limit.

c.    For a determination that Defendant, by and through its agents and employees, acted in bad faith in the handling of Plaintiff's PIP claim;

d.    For a determination that Defendant is in breach of its policy with the plaintiff;

e.    For all actual and consequential damages that proximately flow from Defendant's breach of contract, all in an amount to be proven at trial;

f.    For a determination that Defendant's actions and inactions, by and through its agents and employees, are in violation of Washington's Insurance Fair Conduct Act.

g.    For a determination that Defendant was negligent in the manner in which it handled Plaintiff's claim.

h.    For a determination that Defendant's actions and inactions, by and through its agents and employees, are in violation of Washington's Consumer Protection Act;

i.    For an award of actual damages and exemplary damages three times the amount of actual damages;

j.    For general damages, including but not limited to loss of peace of mind, all in an amount to be proven at trial;

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 11

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

USAA Confidential

0901119ca62a5c85

1         k.     For all costs and fees incurred both before and after suit was filed in an

2    effort to obtain the benefit of Plaintiff's policy; and

3         l.     For such further relief as the Court may deem equitable or appropriate.

4         **DATED** this _31st_ day of October, 2019.

5

6

7         Tom Lester, WSBA #15814
     Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 12

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW.
119 N. Commercial Street, Suite 175
Bellingham, WA 98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a5c85

USAA Confidential

1

## VERIFICATION

2

**STATE OF WASHINGTON**     )

3
                               ) ss.

**COUNTY OF WHATCOM**       )

4

    **Kerry Whitworth,** being first duly sworn, upon oath, deposes and says:

5

    That I am the Plaintiff above named; that I have read the foregoing **Complaint**

6

know the contents thereof, and believe the same to be true.

7

8

_Kerry Whitworth_

**Kerry Whitworth**

9

10

    **SUBSCRIBED AND SWORN** to before me this 31st day of October, 2019.

11

12

13
NOTARY PUBLIC in and for the

14
State of Washington.

My Commission expires: 4/18/20

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT, DENIED
INSURANCE BENEFITS, BREACH OF CONTRACT,
NEGLIGENCE, UNFAIR INSURANCE TRADE PRACTICES,
BAD FAITH AND CONSUMER PROTECTION ACT
VIOLATIONS - Page 13

LESTER & ASSOCIATES, P.S., INC
ATTORNEYS AT LAW
119 N. Commercial Street, Suite 175
Bellingham, WA  98225
(360) 733-5774 • Fax (360) 733-5785

0901119ca62a5c85

USAA Confidential

05/17/18  12:53:55  (925) 659-0192        ->            AT&T/USAA          Page 002
                                                                          PAGE   5
                                          ADDL INFO ON NEXT PAGE    MAIL MCH-M-I
                                                    RENEWAL OF

 **USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road · San Antonio, Texas 78288

WASHINGTON AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

**Named Insured and Address**

KERRY L WHITWORTH
1030 ABBOTT RD
LYNDEN WA 98264-9497

| State | 07,19 | Vin | POLICY NUMBER |
|---|---|---|---|
| WA 440440 | | Ter | 00221 67 02C 7102 7 |

POLICY PERIOD:        (12:01 A.M. standard time)
EFFECTIVE MAR 29 2018 TO SEP 29 2018

OPERATORS
01 KERRY L WHITWORTH
03 JOYCE C WHITWORTH

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | VEH USE SYM | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| 07 | 07 | HUMMER | H3 4D 4X4 | 4 DOOR | 2000 | 5GTDN13E978165517 | P | | |
| 19 | 04 | VOLKS | BTL CONV GLS | CONV | 2000 | 3VWCM31Y04M323620 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 07   LYNDEN WA 98264-9497
VEH 19   LYNDEN WA 98264-9497

**This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.**

| COVERAGES | LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 07 6-MONTH D=DED AMOUNT | VEH 07 6-MONTH PREMIUM $ | VEH 19 6-MONTH D=DED AMOUNT | VEH 19 6-MONTH PREMIUM $ | VEH D=DED AMOUNT | VEH PREMIUM $ | VEH D=DED AMOUNT | VEH PREMIUM $ |
|---|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | | |
| BODILY INJURY  EA PER $ | 100,000 | | | | | | | | |
|  EA ACC $ | 300,000 | | 65.32 | | 57.95 | | | | |
| PROPERTY DAMAGE EA ACC $ | 50,000 | | 64.43 | | 40.20 | | | | |
| PART B - PERSONAL INJURY PROTECTION | | | | | | | | | |
| MEDICAL BENEFITS - | | | | | | | | | |
|  EA PER $ | 50,000 | | | | | | | | |
| INCOME CONTINUATION - | | | | | | | | | |
| $700 PER WEEK | | | | | | | | | |
| LOSS OF SERVICES BENEFITS - | | | | | | | | | |
| $40/DAY MAX, $200/WK MAX, | | | | | | | | | |
| $5,000 MAXIMUM TOTAL | | | | | | | | | |
| FUNERAL EXPENSE - $5,000 | | | 35.43 | | 37.46 | | | | |
| PART C - UNDERINSURED MOTORISTS | | | | | | | | | |
| BODILY INJURY  EA PER $ | 100,000 | | | | | | | | |
|  EA ACC $ | 300,000 | | 54.17 | | 54.17 | | | | |
| PROPERTY DAMAGE EA ACC $ | 50,000 | | 11.39 | | 11.39 | | | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

LOSS PAYEE
VEH 07   ALASKA USA FEDERAL CREDIT UNION, SAN ANTONIO   TX
VEH 19   ONEMAIN FINANCIAL, KENNESAW  GA

ENDORSEMENTS: ADDED 03-29-18 -  NONE
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-  ACCFOR(01)   A402(02)   A200WA(01)
   RSGPWA(01)   5100WA(02)
INFORMATION FORMS:  663WA(06)   999WA(25)
J2  1
07 RMM6200000 | | | | | | 19 RMF600000 | | | | | :| | | | | | | | | : | | |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date    FEBRUARY 20, 2018

*Deneen Donnley,* Secretary     *S. Wayne Peacock,* President

5000 C 05-12
53383-05-12

 **Ex A**

USAA Confidential

0901119ca62a5c85

05/17/18  12:55:10  (925) 659-0192        ->          AT&T/USAA        Page 003
                                                                       PAGE   6

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

WASHINGTON AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 07,19 | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|
| WA | 440440 | | Terr | | 00221 67 02C 7102 7 |

POLICY PERIOD:      (12:01 A.M. standard time)
EFFECTIVE MAR 29 2018 TO SEP 29 2018

Named Insured and Address

KERRY L WHITWORTH
1030 ABBOTT RD
LYNDEN WA 98264-9497

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 07 | 07 | HUMMER | H3 4D 4X4 | 4 DOOR | 2000 | 5GTDN13E978165517 | | P | | |
| 19 | 04 | VOLKS | BTL CONV GLS | CONV | 2000 | 3VWCM31Y04M323620 | | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 07   LYNDEN WA 98264-9497
VEH 19   LYNDEN WA 98264-9497

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES        LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 07  6-MONTH | | VEH 19  6-MONTH | | VEH | | VEH | |
|---|---|---|---|---|---|---|---|---|
| | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS        ACV LESS | D 500 | 24.06 | D 500 | 19.59 | | | | |
| COLLISION LOSS            ACV LESS | D 500 | 68.89 | D 500 | 71.16 | | | | |
| RENTAL REIMBURSEMENT | | | | | | | | |
| STANDARD CLASS | | 14.50 | | 14.50 | | | | |
| TOWING AND LABOR | | 8.00 | | 8.00 | | | | |
| | | | | | | | | |
| VEHICLE TOTAL PREMIUM | | 346.19 | | 314.42 | | | | |

6 MONTH PREMIUM $  660.61
PREMIUM DUE AT INCEPTION. THIS IS NOT A BILL, STATEMENT TO FOLLOW.

EARNED ACCIDENT FORGIVENESS APPLIES WITH FIVE YEARS CLEAN DRIVING WITH USAA.
THE PREMIUM ON YOUR RENEWING POLICY IS $   2.56 MORE THAN ON YOUR EXPIRING POLICY.

07 RMM6200000     19 RMF6000000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date FEBRUARY 20, 2018

Deneen Donnley, Secretary   S. Wayne Peacock, President

5000 C 05-12
53383.05-12

0901119ca62a5c85

USAA Confidential

PAGE  11
CIC   00221 67 02      7102

**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

## QUICK REFERENCE

## WASHINGTON AUTO POLICY

**READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY**

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

| | | DECLARATIONS PAGE |
|---|---|---|
| | | Named Insured and Address |
| | | Policy Period |
| | | Operators |
| | | Description of Vehicle(s) |
| | | Coverages, Amounts of Insurance and Premiums |
| | | Endorsements |
| Beginning on Page | 3 | **Agreement and Definitions** |
| Part A | 4 | **Liability Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Bodily Injury Liability Coverage and Property Damage Liability Coverage |
| | | Limit of Liability |
| | | Supplementary Payments |
| | | Exclusions |
| | | Out of State Coverage |
| | | Other Insurance |
| Part B | 7 | **Personal Injury Protection** |
| | | Definitions |
| | | Insuring Agreement |
| | | Limit of Liability |
| | | Exclusions |
| | | Other Insurance |
| | | Non-Duplication of Benefits |
| Part B | 11 | **Medical Payments Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Limit of Liability |
| | | Exclusions |
| | | Other Insurance |
| | | Special Provisions |
| Part C | 13 | **Underinsured Motorists Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Bodily Injury |
| | | Property Damage |
| | | Limit of Liability |
| | | Exclusions |
| | | Other Insurance |
| | | Non-Duplication and Coordination |
| | | Loss Payable Clause |
| | | (Quick Reference continued on Page 2) |

56367-1114__06
Page 1 of 28

0901119ca62a5c85

USAA Confidential

PAGE 12
CIC   00221 67 02    7102

| Part D | 16 | Physical Damage Coverage | Part E | 21 | General Provisions |
|---|---|---|---|---|---|
| | | Definitions<br>Insuring Agreement<br>  Comprehensive Coverage<br>  Collision Coverage<br>  Rental Reimbursement Coverage<br>  USAA Roadside Assistance<br>Limit of Liability<br>Payment of Loss<br>Waiver of Collision Deductible<br>Exclusions<br>No Benefit to Bailee<br>Other Sources of Recovery<br>Appraisal | | | Bankruptcy<br>Changes<br>Conformity to Law<br>Duties After an Accident or Loss<br>Legal Action Against Us<br>Loss Payable Clause<br>Misrepresentation<br>Non-Duplication of Payment<br>Our Right to Recover Payment<br>Ownership<br>Policy Period and Territory<br>Reducing the Risk of Loss<br>Spouse Access<br>Termination<br>Transfer of Your Interest in this<br>  Policy<br>Two or More Auto Policies |

**5100WA(02) Rev. 10-14**

0901119ca62a5c85

USAA Confidential

PAGE  13
CIC   00221 67 02      7102

# WASHINGTON AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. "**You**" and "**your**" refer to the "named insured" shown on the Declarations and:

1. Spouse; or

2. A domestic partner under Washington law;

   if a resident of the same household. Throughout this policy, when the word "spouse" is used, it also refers to a domestic partner under Washington law.

B. "**We**," "**us**," and "**our**" refer to the Company providing this insurance.

C. "**Auto business**" means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing or storing vehicles.

D. "**Bodily injury**" (referred to as **BI**).

1. "**Bodily injury**" means bodily harm, sickness, disease or death.

2. "**Bodily injury**" does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. "**Driving contest or challenge**" includes, but is not limited to:

1. A competition against other people, vehicles, or time; or

2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

F. "**Family member**" means a person related to **you** by blood, marriage, domestic partnership under Washington law, or adoption who resides primarily in **your** household. This includes a ward or foster child.

G. "**Fungi**" means any type or form of **fungi**, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by **fungi**.

H. "**Miscellaneous vehicle**" means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

I. "**Motorcycle**" means a two- or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

J. "**Newly acquired vehicle**."

1. "**Newly acquired vehicle**" means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

   a. A private passenger auto, pickup, **trailer**, or **van**;

5100WA(02) Rev. 10-14

USAA Confidential

(DEFINITIONS Cont'd.)                                CIC   00221 67 02   PAGE 14
                                                                        7102

b. A **miscellaneous vehicle** that is not used in any business or occupation; or

c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $500 deductible for each loss.

3. Any automatic provision of coverage under J.2. will apply for up to 30 days after the date **you** or any **family member** becomes the owner of the **newly acquired vehicle**. If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period, and **we** must agree to provide the coverage **you** request for this vehicle. If **you** request coverage after this 30-day period, any coverage that **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

K. "**Occupying**" means in, on, getting into or out of.

L. "**Property damage**" (referred to as **PD**).

1. "**Property damage**", except as specifically modified in Part C, means physical injury to, destruction of, or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

a. Stored as or on;

b. Created or used on; or

c. Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M. "**Trailer**" means a vehicle designed to be pulled by a private passenger auto, pickup, **van**, or **miscellaneous vehicle**. It also means a farm wagon or implement while towed by such vehicles.

N. "**Van**" means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

O. "**Your covered auto**" means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle**.

3. Any **trailer you** own.

---

## PART A - LIABILITY COVERAGE

**DEFINITIONS**

"**Covered person**" as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

2. Any person using **your covered auto**.

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or **trailer** other than **your covered auto**, this provision only applies if the other person or organization does not own or hire the auto or **trailer**.

5100WA(02) Rev. 10-14                                           Page 4 of 28

USAA Confidential

PAGE  15

(PART A Cont'd.)                    CIC   00221 67 02    7102

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to **BI** or **PD** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD**.

**INSURING AGREEMENT**

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

**LIMIT OF LIABILITY**

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown on the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons**;

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in the auto accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's financial responsibility law, **our** limit of liability will be the minimum required by the state's financial responsibility law.

**SUPPLEMENTARY PAYMENTS**

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person**:

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability, **we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing, in any suit **we** defend, on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or **van** which occurs while the vehicle is in the care, custody, or control of a **covered person**. The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at

5100WA(02) Rev. 10-14                                    Page 5 of 28

0901119ca62a5c85

**(PART A Cont'd.)**

CIC    00221 67 02    PAGE 16
7102

the time of a loss. Only Exclusions A.1. and A.8. apply.

6. Other reasonable expenses incurred at **our** request.

7. All defense costs **we** incur.

**EXCLUSIONS**

A. **We** do not provide Liability Coverage for any **covered person**:

1. Who intentionally acts or directs to cause **BI** or **PD**, or who acts or directs to cause with reasonable expectation of causing **BI** or **PD**.

2. For **PD** to property owned or being transported by a **covered person**.

3. For **PD** to property rented to, used by, or in the care of any **covered person**. This exclusion (A.3.) does not apply to damage to a residence or garage.

4. For **BI** to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to:

   a. A share-the-expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

6. While employed or otherwise engaged in the **auto business**. This exclusion (A.6.) does not apply to the ownership, maintenance, or use of **your covered auto** by **you**, any **family member**, or any partner, agent, or employee of **you** or any **family member**.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business**, farming, or ranching. This exclusion (A.7.) does not apply:

   a. To the maintenance or use of a private passenger auto; a pickup or **van** owned by **you** or any **family member**; or a **trailer** used with these vehicles; or

   b. To the maintenance or use of a pickup or **van** not owned by **you** or any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

8. Using a vehicle without expressed or implied permission.

9. For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For **BI** or **PD** occurring while **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. For punitive or exemplary damages.

12. For **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

B. **We** do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four- or six-wheel land motor vehicle designed for use on public roads;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle**; or

USAA Confidential

0901119ca62a5c85

PAGE 17

**(PART A Cont'd.)**                          CIC    00221 67 02    7102

d.  A vehicle used in the business of farming or ranching.

2.  Any vehicle, other than **your covered auto**, that is owned by **you**, or furnished or available for **your** regular use. This exclusion (B.2.) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

3.  Any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of, any **family member**. This exclusion (B.3.) does not apply:

a.  To **your** maintenance or use of such vehicle; or

b.  To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

4.  Any vehicle while being operated in, or in practice for, any **driving contest or challenge**.

C.  There is no coverage for liability assumed by any **covered person** under any contract or agreement.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, the limits of liability shown on the Declarations for **BI** Liability and **PD** Liability will apply. If these limits are less than the minimum financial responsibility requirements in the state or province where the loss occurs, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

**OTHER INSURANCE**

If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide to a **covered person** for a vehicle **you** do not own shall be excess over:

1.  Any other applicable liability insurance; or

2.  Any self-insurance in compliance with a state's financial responsibility law or mandatory insurance law.

---

## PART B - PERSONAL INJURY PROTECTION (referred to as PIP )

**DEFINITIONS**

A.  "Covered person" as used in this Part means:

1.  **You** or any **family member** while **occupying** or using any auto.

2.  Any other person while **occupying** or using **your covered auto** with **your** permission.

3.  **You** or any **family member** as a **pedestrian** when struck by a motor

vehicle designed for use mainly on public roads, a snowmobile, or a **trailer**.

4.  A **pedestrian** accidentally struck by **your covered auto**.

B.  "Funeral expenses" means the incurred funeral, burial, or cremation expenses of a **covered person** who dies as a direct result of **BI** due to an automobile accident.

C.  "Income continuation benefits" means payment of the **covered person's** loss of income from work, because of **BI** sustained by the **covered person** in an automobile

5100WA(02) Rev. 10-14

USAA Confidential

PAGE  18

**(PART B Cont'd.)**                     CIC    00221 67 02    7102

accident, less income earned during the benefit payment period. The benefit payment period begins fourteen days after the date of the accident and ends at the earliest of the following:

1.  The date on which the **covered person** is reasonably able to perform the duties of his or her usual occupation.

2.  Fifty-four weeks from the date of the automobile accident; or

3.  The date of the **covered person's** death.

D.  "**Loss of services benefits**" means reimbursement for payment to others, not members of the **covered person's** household, for expenses reasonably incurred for loss of services in lieu of those the **covered person** was actually unable to perform, but would usually have performed for his or her household without compensation, provided the services are actually rendered. Reimbursement for loss of services ends the earliest of the following:

1.  The date on which the **covered person** is reasonably able to perform those services;

2.  Fifty-two weeks from the date of the automobile accident; or

3.  The date of the **covered person's** death.

E.  "Medical and hospital benefits" means the **medical payment fee** for **medically necessary and appropriate medical services** incurred by or on behalf of the **covered person** within three years from the date of the automobile accident.

F.  "**Medical payment fee**" is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1.  The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

2.  The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3.  The amount negotiated with the provider; or

4.  The lesser of the following:

    a.  The actual amount billed; or

    b.  A reasonable fee for the service provided. A fee is reasonable if it falls within the range of fees generally charged for that service in the geographic area.

G.  "**Medically necessary and appropriate medical services**" are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1.  Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2.  Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3.  Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4.  Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5100WA(02) Rev. 10-14

0901119ca62a5c85

USAA Confidential

PAGE  19

**(PART B Cont'd.)**                              CIC   00221 67 02       7102

5.  The most appropriate supply or level of service that can be safely provided to the **covered person; and**

6.  Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, "**medically necessary and appropriate medical services**" do not include the following:

1.  Nutritional supplements or over-the-counter drugs;

2.  Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3.  Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

H.  "**Pedestrian**" means a natural person not **occupying** a motor vehicle.

**INSURING AGREEMENT**

**We** will pay the following PIP benefits to or on behalf of each **covered person** because of **BI** caused by an accident arising out of the ownership, maintenance or use of an auto:

1.  **Medical and hospital benefits.**

2.  **Income continuation benefits.**

3.  **Loss of services benefits.**

4.  **Funeral expenses.**

**We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses

for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

**LIMIT OF LIABILITY**

A.  The following provisions represent the most **we** will pay regardless of the number of **covered persons**, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in an auto accident.

1.  **Medical and hospital benefits.** The limit of liability shown on the Declarations for Medical Benefits is the maximum limit of liability for **medical and hospital benefits** incurred by any one **covered person** injured in any one accident.

2.  **Income continuation benefits.**

a.  **Our** maximum limit of liability for loss of income because of the **BI** to any one **covered person** sustained in any one accident is the lesser of:

(1)  The per-week limit of liability shown on the Declarations for Income Continuation; or

(2)  85% of the **covered person's** income from work at the time of the accident, less any payments the **covered person** may receive under any of the following, not including any payments receivable under Medicare:

(a)  Workers' compensation benefits.

(b)  Other disability benefits.

(c)  Other income continuation benefits.

b.  Subject to this per-week limit, **our** maximum limit of liability for all **income continuation benefits** for any one **covered person** is:

USAA Confidential

0901119ca62a5c85

05/17/18  11:41:38  (925) 659-8192     ->                    AT&T/USAA          Page 004

**(PART B Cont'd.)**

(1) $10,000 if the per–week limit shown on the Declarations is $200; or

(2) $35,000 if the per–week limit shown on the Declarations is $700.

3. **Loss of services benefits.** Our maximum limits of liability for **loss of services benefits** because of the **BI** to any one **covered person** are the limits shown on the Declarations for **Loss of Services Benefits.**

4. **Funeral expense benefit.** Our maximum limit of liability for **funeral expense benefit** because of the **BI** to any one **covered person** is the limit shown on the Declarations for Funeral Expense.

B. Any amounts otherwise payable for benefits under PIP shall be reduced by any amount paid or payable for the same expenses under Part A – Liability Coverage, Part B – Medical Payments Coverage, or Part C – Underinsured Motorists Coverage.

C. If **we** make a payment to a **covered person** under Part B – PIP, that payment shall be applied toward any settlement or judgment that person receives under Part A – Liability Coverage. Part B – Medical Payments Coverage, or Part C – Underinsured Motorists Coverage.

## EXCLUSIONS

A. **We** do not provide PIP benefits to **you** or any **family member** because of the **BI** sustained while **occupying** or when struck by any vehicle, other than **your covered auto**, owned by you or a **family member**.

B. **We** do not provide PIP benefits to any **covered person:**

1. Who intentionally causes **BI** to himself or herself.

2. Who sustains **BI** while participating in a prearranged or organized racing or speed contest or in practice or preparation for such a contest.

3. Whose **BI** is caused by or a consequence of war, whether declared or not.

4. Whose **BI** is caused by nuclear reaction, radioactive contamination, toxic, explosive or other hazardous properties of nuclear material.

5. Whose **BI** results or arises from the **covered person's** use of a motor vehicle in the commission of a felony.

6. Whose **BI** results from the maintenance or use of any:

a. **Motorcycle** or moped;

b. Vehicle operated on rails or crawler–treads.

c. Vehicle located for use as a residence or premises;

d. Motor home;

e. Farm type tractor; or

f. Other self–propelled equipment designed for use principally off public roads.

## OTHER INSURANCE

A. If there is other applicable automobile medical payments insurance or PIP, **we** will pay only our share of the loss. Our share is the proportion that **our** limit of liability bears to the total of all applicable limits.

B. Any insurance **we** provide with respect to a **covered person** because of **BI** sustained while **occupying**, or as a **pedestrian** when struck by, any motor vehicle other than **your covered auto** shall be excess over any other valid and collectible automobile medical payments coverage or PIP.

5100WA(02) Rev. 10–14                                    Page 10 of 28

USAA Confidential

PAGE  21

(PART B Cont'd.)                                CIC    00221 67 02    7102

**NON-DUPLICATION OF BENEFITS**

No **covered person** shall recover benefits from more than one policy or one insurer on either a duplicate or supplemental basis, for the same elements of loss, regardless of the number of motor vehicles covered or insurers (including self-insurers).

---

## PART B - MEDICAL PAYMENTS COVERAGE

**DEFINITIONS**

A. "**Covered person**" as used in this Part means:

1. **You** or any **family member** while **occupying** any auto.

2. Any other person while **occupying your covered auto**.

3. **You** or any **family member** while not **occupying** a motor vehicle if injured by:

   a. A motor vehicle designed for use mainly on public roads;

   b. A **miscellaneous vehicle**; or

   c. A **trailer.**

B. "**Medical payment fee**" is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

C. "**Medically necessary and appropriate medical services**" are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

5100WA(02) Rev. 10-14                                              Page 11 of 28

USAA Confidential

PAGE  22

**(PART B Cont'd.)**                                    CIC    00221 67 02      7102

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, **"medically necessary and appropriate medical services"** do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

**INSURING AGREEMENT**

A. **We** will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

1. Result from BI sustained by a **covered person** in an auto accident; and

2. Be incurred for services rendered within one year from the date of the auto accident.

B. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

C. **We** will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage unreasonably refuses to submit to an examination as required in Part E – General Provisions, Duties After An Accident or Loss.

**LIMIT OF LIABILITY**

The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident. This is the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in an auto accident.

No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A – Liability Coverage, Part B – PIP or Part C – UIM Coverage of this policy.

**EXCLUSIONS**

**We** do not provide benefits under this Part for any **covered person** for BI:

1. Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four- or six-wheel land motor vehicle designed for use on public roads;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle**; or

   d. A vehicle used in the business of farming or ranching.

5100WA(02) Rev. 10-14                                          Page 12 of 28

0901119ca62a5c85

USAA Confidential

**(PART B Cont'd.)**　　　　　　　　　　　　　CIC    00221 67 02     PAGE  23
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　7102

2. Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (2.) does not apply to:

   a. A share-the-expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Sustained while **occupying** any vehicle located for use as a residence.

4. Occurring during the course of employment if workers' compensation benefits are required or available.

5. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by **you**.

6. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by any **family member**. This exclusion (6.) does not apply to **you**.

7. Sustained while **occupying** a vehicle without expressed or implied permission.

8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person**. This exclusion (8.) does not apply to **BI** sustained while **occupying** a private passenger auto, pickup or **van**, or a **trailer** used with these vehicles.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in, or in practice for, any **driving contest or challenge**.

12. Sustained as a result of a **covered person's** exposure to **fungi**, wet or dry rot, or bacteria.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance or PIP, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**SPECIAL PROVISIONS**

If **your covered auto** and every other motor vehicle **you** own are within the policy territory referred to in Part E – General Provisions, then coverage under Part B – Medical Payments Coverage will apply to **you** and any **family member** anywhere in the world.

---

## PART C - UNDERINSURED MOTORISTS COVERAGE
(referred to as UIM Coverage)

UIM Coverage includes uninsured motorists coverage.

**DEFINITIONS**

A. "**Covered person**" as used in this Part means:

1. **You** or any **family member**.

2. Any other person **occupying your covered auto**.

**5100WA(02) Rev. 10-14**　　　　　　　　　　　　　　　　Page 13 of 28

0901119ca62a5c85

USAA Confidential

PAGE  24

(PART C Cont'd.)                    CIC    00221 67 02    7102

3. Any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in 1. or 2. above. However, **"covered person"** does not include the United States of America or any of its agencies.

B. **Property damage** (referred to as **PD**) as used in this Part means physical damage to **your covered auto**, and does not include damage to property contained in **your covered auto** or other forms of property damage.

C. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which the sum of the limits of liability under all applicable liability bonds and insurance policies is less than the damages the **covered person** is legally entitled to recover.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose operator or owner cannot be identified and which causes an accident involving:

   a. **You** or any **family member**;

   b. A vehicle **you** or any **family member** is **occupying**; or

   c. **Your covered auto.**

   If there is no physical contact with the vehicle causing the accident the facts of the accident must be proved by competent evidence other than the testimony of a **covered person** or any person having a UIM claim resulting from the accident.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or is or becomes insolvent within three years after the accident.

D. **"Underinsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of **you** or any **family member**. This (D.1.) does not apply if the vehicle or equipment is being used by **you** or any **family member**.

2. Owned by any governmental unit or agency. This (D.2.) does not apply if the governmental unit or agency is unable to pay damages because of financial inability or insolvency.

3. Operated on rails or crawler treads, except for a snowmobile.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

6. To which Part A – Liability Coverage of this policy applies. This (D.6.) does not apply if the vehicle is being used by **you** or any **family member**.

**INSURING AGREEMENT**

A. **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of:

1. **BI** sustained by a **covered person** and caused by an auto accident.

2. **PD** caused by an auto accident.

B. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**.

**LIMIT OF LIABILITY**

A. For **BI** sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any

**5100WA(02) Rev. 10-14**

USAA Confidential

0901119ca62a5c85

PAGE 25

(PART C Cont'd.)                    CIC   00221 67 02    7102

persons, is the limit of liability shown on the Declarations for "each person" for **BI** under UIM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** under UIM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident. **Our** maximum limit of liability for all **PD** resulting from any one accident is the limit shown on the Declarations for **PD** under UIM Coverage. These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations;

4. Premiums paid; or

5. Vehicles involved in the accident.

B. Any amount otherwise payable for damages under UIM Coverage shall be reduced by all sums paid because of **BI** or **PD** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

**EXCLUSIONS**

A. **We** do not provide UIM Coverage for **BI** or **PD** sustained by any **covered person:**

1. While **occupying,** or when struck by, any motor vehicle owned by **you** or any **family member** which is not insured for UIM Coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (A.2.) does not apply to:

   a. A share-the-expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Using a vehicle without expressed or implied permission.

4. While **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

5. While **occupying** any vehicle when it is being operated in, or in practice for, any **driving contest or challenge.**

6. While operating, or **occupying,** a **motorcycle** or motor-driven cycle which is not insured for Liability Coverage under this policy.

B. **We** do not provide UIM Coverage:

1. If payment for **PD** was made under Part D of this policy.

2. For the first $300 of the amount of **PD** as the result of an accident involving a hit-and-run motor vehicle as described in paragraph 3 of the definition of **underinsured motor vehicle.**

3. For the first $100 of the amount of **PD** as the result of any accident involving other than a hit-and-run motor vehicle.

C. UIM Coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any workers' compensation law or similar disability benefits law.

D. **We** do not provide UIM Coverage for punitive or exemplary damages.

**OTHER INSURANCE**

If there is other applicable insurance for UIM Coverage available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

5100WA(02) Rev. 10-14

USAA Confidential

0901119ca62a5c85

**(PART C Cont'd.)**

PAGE   26
CIC    00221 67 02    7102

2. Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or any **family member** will be excess over any collectible insurance.

3. If the coverage under this policy is provided:

   a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**NON-DUPLICATION AND COORDINATION**

A. Non-duplication. No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were paid because of **BI** by or on behalf of persons or organizations who may be legally liable.

B. Coordination. Any UIM Coverage **we** provide will be excess over any coverage payable under this policy's PIP or Medical Payments Coverage.

**LOSS PAYABLE CLAUSE**

With respect to **PD**, loss or damage under Part C – UIM Coverage will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's right of recovery.

---

## PART D - PHYSICAL DAMAGE COVERAGE

**DEFINITIONS**

A. "**Actual cash value**" means the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options, with substantially similar mileage and physical condition.

B. "**Collision**" means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision**: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If

breakage of window glass is caused by a **collision**, **you** may elect to have it considered a loss caused by **collision**.

C. "**Custom equipment**" means equipment, furnishings and parts permanently installed in or upon **your covered auto**, other than:

   1. Original manufacturer equipment, furnishings or parts;

   2. Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality;

   3. Equipment, furnishings or parts designed to assist disabled persons;

0901119ca62a5c85                          USAA Confidential

**(PART D Cont'd.)**

4. Anti-theft devices and devices intended to monitor or record driving activity; and

5. Tires of a substantially similar size as those installed by the manufacturer.

D. "**Loss**" means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** or personal property contained in **your covered auto**. **Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

E. "**Nonowned vehicle**."

1. "**Nonowned vehicle**" means any private passenger auto, pickup, **van**, **miscellaneous vehicle**, or **trailer** not owned by, or furnished or available for the regular use of, **you** or any **family member**. This applies only when the vehicle is in the custody of or being operated by **you** or any **family member**.

2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

   a. A pickup;

   b. A **van**; or

   c. A **miscellaneous vehicle**.

F. "**Repair**."

1. "**Repair**" means restoring the damaged property to its pre-**loss** operational safety, function, and appearance. This may include the replacement of component parts.

2. **Repair** does not require:

   a. A return to the pre-**loss** market value of the property;

b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

c. Rekeying of locks following theft or misplacement of keys.

G. "**Your covered auto**" as used in this Part includes:

1. **Custom equipment**, up to a maximum of $5,000, in or on **your covered auto**.

2. A **nonowned vehicle**. If there is a **loss** to a **nonowned vehicle**, **we** will provide the broadest coverage shown on the Declarations.

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations. The deductible will be waived for **loss** to window glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the window glass must be replaced, the full amount of the deductible, if any, must be paid.

2. Transportation expenses. **We** will also pay:

   a. Up to $30 a day, to a maximum of $900, for transportation expenses incurred by **you** or any **family member**. This applies only in the event of a total theft of **your covered auto**. **We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is

5100WA(02) Rev. 10-14

USAA Confidential

0901119ca62a5c85

PAGE  28

(PART D Cont'd.)                    CIC   00221 67 02    7102

returned to use or, if not recovered or not **repairable**, up to seven days after **we** have made a settlement offer.

b. If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage (for **loss** other than total theft).

1. **We** will reimburse **you** for expenses **you** or any **family member** incurs to rent a substitute for **your covered auto**. This coverage applies only if:

   a. **Your covered auto** is withdrawn from use for more than 24 hours due to a **loss**, other than a total theft, to that auto; and

   b. The **loss** is covered under Comprehensive Coverage or caused by **collision**, and the cause of **loss** is not otherwise excluded under Part D of this policy.

2. **We** will reimburse **you** only for that period of time reasonably required to repair or replace **your covered auto**. If total loss, the rental period will end no later than seven days after **we** have made a settlement offer.

D. USAA Roadside Assistance. **We** will pay the reasonable costs **you** or any **family member** incurs for one of the following each time **your covered auto** is disabled:

1. Mechanical labor up to one hour at the place of breakdown.

2. Locksmith services to gain entry to **your covered auto**. This does not include the rekeying of locks following theft or misplacement of keys.

3. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

4. Delivery of gas or oil to, or a change of tire on a disabled vehicle. However, **we** do not pay for the cost of these items.

LIMIT OF LIABILITY

A. Total loss to **your covered auto**. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment**.

1. The maximum amount **we** will include for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss**.

B. Other than a total loss to **your covered auto**.

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to **repair** the **loss** based on **our** estimate or an estimate that **we** approve. If submitted by **you** or a third party, upon request, **we** will provide names of facilities that are willing and able to complete the **repair** for the amount of the estimate.

2. **Our** estimate may specify used, rebuilt, remanufactured, or non–Original Equipment Manufacturer (non–OEM) parts.

3. **You** may request that damaged parts be replaced with new Original Equipment

0901119ca62a5c85

USAA Confidential

**(PART D Cont'd.)**

CIC   00221 67 02

PAGE   29
7102

Manufacturer (OEM) parts. **You** will be responsible, however, for any cost difference between the parts included in **our** estimate and the new OEM parts used in the **repair.**

4. **We** will not take a deduction for depreciation. **We** will take a deduction if prior damage has not been **repaired.** Prior damage does not include wear and tear.

C. Personal property contained in **your covered auto.** The limits of liability described below are separate from the limits available for a **loss to your covered auto.**

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

   a. The amount necessary to replace the damaged or stolen property; or

   b. $250.

2. **We** will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, **our** maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

E. Under USAA Roadside Assistance, **our** limit of liability is the reasonable price for the covered service.

**PAYMENT OF LOSS**

**We** may pay for **loss** in money, or **repair** or replace the damaged or stolen property. **We** may, at **our** expense, return any stolen property to **you** or to the address shown on the Declarations. If **we** return stolen property, **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

**WAIVER OF COLLISION DEDUCTIBLE**

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss to your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss**; and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss**.

**EXCLUSIONS**

**We** will not pay for:

1. **Loss** to **your covered auto** which occurs while it is being used to carry persons for a fee. This exclusion (1.) does not apply to:

   a. A share-the-expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

   a. Road damage to tires;

   b. Wear and tear;

   c. Freezing; or

   d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and

5100WA(02) Rev. 10-14

0901119ca62a5c85

USAA Confidential

**(PART D Cont'd.)**

lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto**, and it does not apply to USAA Roadside Assistance.

3. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

4. **Loss** to a camper body or **trailer** owned by **you** or any **family member** that is not shown on the Declarations. This exclusion (4.) does not apply to one **you** or any **family member** acquires during the policy period and asks **us** to insure within 30 days after **you** or any **family member** becomes the owner.

5. **Loss** to any **nonowned vehicle** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** is entitled to do so.

6. **Loss** to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

7. **Loss** to any **nonowned vehicle** arising out of its use by **you** or any **family member** while employed or otherwise engaged in **auto business** operations.

8. **Loss** to **your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. **Loss** to any vehicle while it is being operated in, or in practice for, any **driving contest or challenge**.

10. **Loss** resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

    This exclusion (10.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. **Loss** resulting from use in any illicit or prohibited trade or transportation.

12. Any **loss** arising out of any act committed by or at the direction of **you** or any **family member**, and with the intent to cause a **loss**.

    This exclusion (12.) does not apply to deny a **covered person's** otherwise valid claim if:

    a. The **loss** is caused by an act of domestic abuse by another **covered person** under the policy;

    b. The **covered person** claiming the **loss** files a police report and cooperates with any law enforcement investigation relating to the act of domestic abuse; and

    c. The **covered person** claiming the **loss** did not cooperate in or contribute to the creation of the **loss**.

    Payment to a **covered person** under this exception is limited to the extent of the **covered person's** insurable interest in the property less payments made to a mortgagee or other party with a legal secured interest in the property.

13. **Loss** caused by **fungi**, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of **fungi**, wet or dry rot, or bacteria. This exclusion (13.) does not

0901119ca62a5c85

USAA Confidential

PAGE 31

CIC   00221 67 02   7102

**(PART D Cont'd.)**

apply to damage directly resulting from a **loss** covered under Comprehensive Coverage or Collision Coverage.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle**.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss**.

This provision does not apply to USAA Roadside Assistance.

**APPRAISAL**

If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

---

## PART E - GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the **covered person**, as defined in this policy, shall not relieve **us** of any obligations under this policy.

**CHANGES**

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B. If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. **You** agree to give **us**

notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**.

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

**5100WA(02)** Rev. 10-14

0901119ca62a5c85

USAA Confidential

**(PART E Cont'd.)**

CIC    00221 67 02      PAGE   32
7102

5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

6. Addition or deletion of an operator.

7. Change, addition, or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If **we** make a change which broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your** insurance as of the date **we** implement that change in **your** location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us**.

E. Deployment.

1. If, because of **your** active-duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction beginning on the date the vehicle is removed from storage.

2. Any reinstatement of coverage under E.1. will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60-day period, **you** must request it during the 60-day period. If **you** request reinstated coverage after this 60-day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium, as set out in Part E, Changes, B.7., for the reinstated coverage. However, if **you** return from deployment on furlough or emergency leave for a period of 30 days or less, **we** will waive any increase in the premium for the period of time **you** are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs **we** will, as of the date of the loss, reinstate the coverage that was on the vehicle prior to the deployment-caused reduction, and **you** must pay an additional premium for that coverage.

## CONFORMITY TO LAW

If any of the terms of this policy conflict with state or local law, state or local law will apply.

## DUTIES AFTER AN ACCIDENT OR LOSS

**We** will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. **We** must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A – Liability must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

a. To physical exams by physicians **we** select. **We** will pay for these exams.

0901119ca62a5c85

USAA Confidential

PAGE  33

**(PART E Cont'd.)**                                    CIC    00221 67 02      7102

b.  To examination under oath. The examination must be signed.

4.  Authorize **us** to obtain medical reports and other pertinent records.

5.  Submit a proof of loss when required by **us**.

C.  A person seeking benefits under Part B – PIP must also:

1.  As a condition for receiving income continuation benefits:

a.  Authorize **us** to obtain information regarding loss of income; and

b.  Furnish **us** with reasonable medical proof of that person's inability to work.

2.  Promptly forward to **us** a copy of the summons and complaint or other process served in connection with any legal action a **covered person** takes to recover damages for **BI** against a person or organization who may be legally liable.

D.  A person seeking UIM Coverage must also promptly notify the police if a hit–and–run driver is involved. However, if there is no physical contact with a hit–and–run vehicle, someone must report the accident to the appropriate law enforcement agency within 72 hours of the accident.

E.  A person seeking coverage under Part D – Physical Damage Coverage must also:

1.  Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

2.  Promptly notify the police if **your covered auto** is stolen.

3.  Permit **us** to inspect and appraise the damaged property before its repair or disposal.

**LEGAL ACTION AGAINST US**

A.  No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against **us** until **we** agree in writing that the **covered person**, as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B.  No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person**, as defined in this policy.

C.  Unless **we** agree otherwise, any legal action against **us** must be brought in a court of competent jurisdiction in the county and state where the **covered person** lived at the time of the accident.

**LOSS PAYABLE CLAUSE**

**Loss** or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion, or embezzlement of **your covered auto**. **We** may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown on the Declarations. **We** may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that **we** not send notices, including a notice of cancellation, **we** will abide by that request. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

**5100WA(02)** Rev. 10–14                                    Page 23 of 28

USAA Confidential

0901119ca62a5c85

PAGE  34
(PART E Cont'd.)                              CIC    00221 67 02    7102

**MISREPRESENTATION**

**We** do not provide coverage for any **covered person**, as defined in this policy, who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

However, if a breach of warranty or condition occurs prior to a loss under this policy, the breach shall not void the contract nor allow **us** to avoid liability, unless the breach exists at the time of the loss.

**NON-DUPLICATION OF PAYMENT**

When a claim, or part of a claim, is payable under more than one provision of this policy, **we** will pay the claim only once under this policy.

**OUR RIGHT TO RECOVER PAYMENT**

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable **us** to exercise **our** rights, and shall do nothing after loss to prejudice them. However, **our** rights in this paragraph do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment.

C. **We** shall be entitled to a recovery under Paragraphs A. and B. only after the **covered person** has recovered damages from another to which that **covered person** is legally entitled.

D. If the **covered person**, as defined in this policy, recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter-insurer arbitration agreement.

E. If **we** make payment for a claim under Part A, and the **covered person**, as defined in Part A:

1. Knowingly concealed or misrepresented any material fact or circumstance relating to this insurance; or

2. Failed or refused to comply with the duties specified in this policy and prejudiced **our** defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

F. If **we** make payment for a claim under Part D and **you** or any **family member** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, then **you** shall reimburse **us** to the extent of **our** payment.

**OWNERSHIP**

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the

USAA Confidential

0901119ca62a5c85

PAGE  35
(PART E Cont'd.)                    CIC    00221 67 02     7102

United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. This Paragraph (B.2.) applies only if the original liability suit for **BI** or **PD** is brought in the USA.

3. Coverage under this policy does not extend:

   a. To any **covered person**, as defined in this policy, who does not live in the USA.

   b. To any **covered person**, as defined in this policy, **occupying** a vehicle which is not principally garaged and used in the USA.

   c. To any vehicle which is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

**REDUCING THE RISK OF LOSS**

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and may provide an incentive for **your** use of these items.

**SPOUSE ACCESS**

A. The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify **us** that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse to access policy information.

**TERMINATION**

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. **You** may cancel this policy at any time by notifying **us** of the date cancellation is to take effect in one of the following ways:

   a. The return of this policy to **us**;

   b. Written notice by mail, facsimile or email; or

   c. Verbal notice.

   If the date of cancellation is not specified, cancellation shall take effect upon **our** receipt of such notice.

**5100WA(02) Rev. 10-14**                    Page 25 of 28

USAA Confidential

0901119ca62a5c85

PAGE  36

**(PART E Cont'd.)**                        CIC    00221 67 02      7102

2.  **We** may cancel this policy by sending notice that includes the actual reason for the cancellation to the named insured shown on the Declarations. This cancellation notice may be delivered to the named insured, mailed by postal mail to the most recent address **you** provided to **us** or sent electronically if **we** have **your** consent and agreement on file to receive documents electronically. In any event, **we** will give:

   a.  At least ten days notice:

      (1) If cancellation is for nonpayment of premium; or

      (2) If notice is sent during the first 30 days this policy is in effect and this is not a renewal policy; or

   b.  At least 20 days notice in all other cases.

3.  After this policy is in effect for 60 days, or if this is a renewal policy, **we** will cancel only:

   a.  For nonpayment of premium; or

   b.  If **your** driver's license or that of any operator who lives with **you** or customarily uses **your covered auto** has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) Since the last anniversary of the original effective date if the policy period is other than one year.

4.  **We** may cancel for any other reason not prohibited by law.

B.  Nonrenewal. If **we** decide not to renew this policy, **we** will send notice to the named insured shown on the Declarations. This notice may be delivered to the named insured, mailed by postal mail to the most recent address **you** provided to **us** or sent electronically if **we** have **your** consent and agreement on file to receive documents electronically. In any event, notice will be sent at least 20 days before the end of the policy period and will include the actual reason for nonrenewal. **We** may not refuse to renew or continue Liability Coverage or Collision Coverage on the basis that **you** have made one or more claims under Comprehensive Coverage or USAA Roadside Assistance.

C.  Automatic Termination.

1.  If **we** offer to renew and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required premium when due will mean that **you** have not accepted **our** offer.

2.  If **you** obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

D.  Other Termination Provisions.

1.  Proof of mailing or electronic transmission of any notice will be sufficient proof of notice.

2.  If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to customary pro rata procedures. However, making or offering to make the refund is not a condition of cancellation.

3.  The effective date of cancellation stated in the notice will become the end of the policy period.

5100WA(02) Rev. 10-14                        Page 26 of 28

USAA Confidential

0901119ca62a5c85

PAGE  37
(PART E Cont'd.)                                CIC    00221 67 02      7102

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if the named insured shown on the Declarations dies, **we** will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if the named insured shown on the Declarations; and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy **we** issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

**5100WA(02)** Rev. 10-14                                      Page 27 of 28

0901119ca62a5c85

USAA Confidential

PAGE  38
CIC     00221 67 02        7102

**THIS PAGE INTENTIONALLY LEFT BLANK**

0901119ca62a5c85

USAA Confidential

PAGE  39
CIC    00221 67 02    7102

# Important Information About Changes to Your Auto Policy

Below you will find a brief outline of changes we have made to your auto policy. This is meant to give you a general understanding of these changes. This form does not provide any coverage, and it does not replace any of the provisions of your policy. For details, please read the policy and endorsements in this renewal packet. If there is a conflict between the policy and this summary, the provisions of the policy apply.

You may review your policy online at usaa.com. If you have questions, please contact us at 1-800-531-USAA (8722).

Some endorsements are now incorporated into the policy. There are changes to simplify the policy and make it easier to read. We have also made coverage expansions and coverage reductions.

Clarifications

* Bodily injury does not include mental injuries unless they arise from a physical injury to someone.

* Electronic data is not tangible property.

* The Arbitration section has been removed from Part B – Personal Injury Protection for consistency with other Parts. However, either you or we may request arbitration.

* USAA Roadside Assistance, also known as Towing and Labor Costs Coverage, applies to the cost of service incurred by a family member. It includes coverage for the cost of locksmith service to gain entry to your vehicle.

* We may send notice of cancellation or nonrenewal by electronic means, if you agree.

* If the policy is in conflict with any state or local law, the policy is changed to conform to the law.

Coverage Expansions

* The per-day limit of $100 for lost wages when you attend a hearing or trial at our request has been increased to $250.

* Liability Coverage is no longer excluded when a pickup or van owned by a family member is used in business, other than the auto business.

* Liability Coverage will be excess as long as the owner's primary insurance applies to the accident:

    * When a nonowned pickup or van is used in business by you or a family member; or

    * When a nonowned vehicle is furnished or available for the use of you or a family member.

51911-1114__02
Page 1 of 2

**50WA(03)** Rev. 12-13

USAA Confidential

0901119ca62a5c85

CIC     00221 67 02     PAGE   40
7102

- Medical Payments Coverage is no longer excluded when you or a family member is occupying:

  - A nonowned vehicle that is furnished or available for regular use.

  - A nonowned vehicle used in your business or occupation.

- If coverage is reduced for a stored vehicle while you are on active duty deployment, we will waive premium for the temporary reinstatement of coverage, up to 30 days, while you are on furlough or emergency leave as long as no loss occurs during that time.

- We may sometimes offer you products or services that help you reduce your risk of loss and provide an incentive for their use.

Coverage Reductions

- If Physical Damage is not in effect for any vehicle already insured on the policy, the Comprehensive Coverage and Collision Coverage deductibles for a newly acquired vehicle will be $500 instead of $250.

- Comprehensive Coverage and Collision Coverage for custom equipment in or on your vehicle is now limited to a maximum of $5,000. If you need additional coverage for custom equipment, please contact us.

- If we pay a claim and the person to or for whom payment was made has knowingly concealed or misrepresented a material fact, we may seek reimbursement from that person.

- The Extended Non-owned Auto Endorsement no longer provides coverage for vehicles used to carry passengers for a fee nor when an emergency response vehicle is used in an official capacity.

0901119ca62a5c85

USAA Confidential

PAGE  41
CIC     00221 67 02     7102

### Personal Injury Protection Coverage in Washington

Below, you will find a brief explanation of Personal Injury Protection coverage. Please remember that this is designed to be a simple overview. Coverage is subject to all the provisions and exclusions described in your insurance policy. The decision you make regarding the level of coverage in this area may affect your insurance premium.

When purchasing this coverage, it is important to understand that you will be reimbursed only for reasonable and necessary medical expenses. Bills are audited, and amounts charged which are not reasonable, or charges incurred for treatment which is not necessary, will not be reimbursed. Any amounts not qualifying for reimbursement are your responsibility.

Please see your policy for details. If you have further questions, feel free to contact a member service representative by calling (800) 531-8111.

**Coverage Description**

**Personal Injury Protection Coverage (PIP):**

- Is optional.
- Written rejection is required. If rejected, future renewals will remain the same.
- Provides a death benefit.
- Provides an income continuation benefit, for up to one year, beginning 14 days from the date of the automobile accident, subject to the lesser of 85% of the actual income lost or the limit selected.
- Provides Loss of Services Disability Benefits of $40 per day, subject to the limit selected.

**663WA(06)**  Rev. 10-06
PS.002216702.663WA



52112-1006
Page 1 of 4

USAA Confidential

0901119ca62a5c85

05/17/18  12:00:43  (925) 659-0192        ->                    AT&T/USAA            Page 026

CIC     00221 67 02      PAGE  42
                         7102

THIS PAGE INTENTIONALLY LEFT BLANK



**USAA Confidential**

0901119ca62a5c85

PAGE  43
CIC   00221 67 02      7102

### Rejection/Selection Form

If you do not wish to make any changes to your current policy, no action is required. If you would like to make changes to your policy, please complete, sign and return the form below. The premiums below reflect the total premium for this coverage for all vehicles insured on your policy. The coverage-limit combinations displayed in this form are examples. You can create other combinations of the coverage limits displayed in this example.

### PERSONAL INJURY PROTECTION COVERAGE

| | Medical & Hospital Expenses | Income Continuation | Loss of Services | Funeral Expenses | Premium |
|---|---|---|---|---|---|
| | Semi-annual premiums per policy | | | | |
| ☐ | $ 10,000 | $200 wk./$10,000 max. | $200 wk./$5,000 max. | $2,000 | $  42.84 |
| ☐ | $ 10,000 | $200 wk./$10,000 max. | $280 wk./$14,600 max. | $2,000 | $  43.91 |
| ☐ | $ 10,000 | $200 wk./$10,000 max. | $200 wk./$5,000 max. | $5,000 | $  44.97 |
| ☐ | $ 25,000 | $200 wk./$10,000 max. | $280 wk./$14,600 max. | $5,000 | $  69.54 |
| ☐ | $ 35,000 | $700 wk./$35,000 max. | $200 wk./$5,000 max. | $2,000 | $  79.82 |
| ☐ | $ 50,000 | $700 wk./$35,000 max. | $280 wk./$14,600 max. | $2,000 | $  91.46 |
| ☐ | $ 75,000 | $700 wk./$35,000 max. | $200 wk./$5,000 max. | $5,000 | $ 103.73 |
| ☐ | $100,000 | $700 wk./$35,000 max. | $280 wk./$14,600 max. | $5,000 | $ 118.91 |

Loss of Services: $  5,000 has a $40 per day, $200 per week maximum
$ 14,600 has a $40 per day, one year maximum

Note:
Your current limit selection is:

| Medical & Hospital Expenses | Income Continuation | Loss of Services | Funeral Expenses | Premium |
|---|---|---|---|---|
| $ | $          / | $          / | $ | $ |

☐ I reject Personal Injury Protection Coverages for this policy and all subsequent renewals, supplemental policies or replacement policies.

_____        _____
USAA Number                    Signature of Named Insured

(      )                        (      )                          _____
Home Phone                     Alternate Phone                  Date

Please fax your completed form to (800) 531-8877 or mail it to the following address:
USAA, 9800 Fredericksburg Road,  San Antonio, Texas  78288

If this form is sent by facsimile machine (fax), the sender adopts the document received by USAA as a duplicate original and adopts the signature produced by the receiving fax machine as the sender's original signature.

**663WA(06)**  Rev. 10-06                                          Page 3 of 4
PS.002216702.663WA

USAA Confidential

CIC    00221 67 02      PAGE  44
7102

THIS PAGE INTENTIONALLY LEFT BLANK

**663WA(06)** Rev. 10-06
PS.002216702.663WA



Page 4 of 4

USAA Confidential

0901119ca62a5c85

                                                    PAGE 45
                                   CIC   00221 67 02    7102

## Underinsured Motorists Coverage in Washington

Below, you will find a brief explanation of Underinsured Motorists coverage. Please remember that this explanation is only an overview, and it does not replace or supplement any of the provisions of your policy. Please see your policy for details because the policy controls all issues of coverage.

The decisions you make regarding the amount of coverage will affect your insurance premium. If you have questions, please call Policy Service at **1-800-531-USAA (8722)**. **You may complete this form online at usaa.com.**

### Coverage Descriptions

**Underinsured Motorists (UIM) Coverage:**

- Protects you and your family if injured in a motor vehicle accident caused by an underinsured or hit-and-run motorist who is at-fault.
- Pays if you are injured by an at-fault motorist whose Bodily Injury (BI) Liability limits are less than the amount of damages you are legally entitled to recover from the at-fault motorist. The at-fault motorist's policy pays its BI Liability limits first, then your UIM Coverage pays the lesser of:
  - any remaining loss, or
  - your UIM Coverage limits.
- Must be issued with UIM Coverage limits equal to your BI Liability limits unless you reject UIM Coverage or select lower UIM Coverage limits by completing, signing and returning the Rejection/Selection Form by mail or at **usaa.com.**

- Your rejection of UIM Coverage or selection of lower UIM Coverage limits will remain in effect on this policy and on future renewals until you request otherwise in writing.

### Underinsured Motorists Property Damage (UIMPD) Coverage:

- Pays for damage to your vehicle that you are legally entitled to recover from an at-fault underinsured motorist or hit-and-run motor vehicle because of property damage (including loss of use) sustained in an auto accident.
- Is issued with UIMPD Coverage limits equal to the minimum limits required by Washington unless you reject UIMPD Coverage for one or more vehicles by completing, signing, and returning the Rejection/Selection Form by mail or at **usaa.com.**
- You may select higher UIMPD Coverage limits for one or more vehicles by completing, signing, and returning the Rejection/Selection Form by mail or at **usaa.com.**
- Your rejection of UIMPD Coverage will remain in effect on this policy and on future renewals until you request otherwise in writing.
- Vehicle damage is subject to a $100 deductible. However, vehicle damage caused by a hit-and-run or phantom vehicle is subject to a $300 deductible.

**999WA(24)** Rev. 2-08
PS.002216702.999WA



53652-0612__01
Page 1 of 4

0901119ca62a5c85

USAA Confidential

LAST PAGE  46
CIC    00221 67 02      7102

THIS PAGE INTENTIONALLY LEFT BLANK

**999WA(24)** Rev. 2-08
PS.002216702.999WA



USAA Confidential

0901119ca62a5c85

## Rejection/Selection Form

**If you do not wish to make any changes to your current policy, no action is required.** TO MAKE CHANGES TO YOUR POLICY, PLEASE COMPLETE THIS FORM, SIGN, AND RETURN IT TO US. The premiums below reflect the total premium for this coverage for all vehicles insured on this Policy.

### Underinsured Motorists (UIM) Coverage

**Bodily Injury**
_Semi-annual premium per policy_

To make a change to your current policy, you must check one of the following boxes:

| Limit per person/per accident | Premium | | Limit per person/per accident | Premium |
|---|---|---|---|---|
| ☐ $ 25,000 /$ 50,000 | $ 62.08 | ☐ | $ 300,000 /$ 500,000 | $ 125.41 |
| ☐ $ 50,000 /$ 100,000 | $ 83.20 | ☐ | $ 500,000 /$ 500,000 | $ 134.72 |
| ☐ $ 100,000 /$ 200,000 | $ 114.22 | ☐ | $ 500,000 /$1,000,000 | $ 135.96 |
| ☐ $ 100,000 /$ 300,000 | $ 114.85 | ☐ | $1,000,000 /$1,000,000 | $ 157.07 |

### Property Damage

The available Underinsured Motorists Property Damage (UIMPD) limits per accident are:

|  |  |
|---|---|
| $10,000 | $100,000 |
| $25,000 | $300,000 |
| $50,000 | |

UIM Coverage limits and UIMPD Coverage limits cannot exceed your BI and PD Liability limits.

**You may reject both UIM Coverage and UIMPD Coverage for all vehicles, or you may reject only UIMPD Coverage for one or more vehicles. You cannot carry UIMPD Coverage unless you also carry UIM Coverage.**

☐ I reject UIM Coverage and UIMPD Coverage for all vehicles for this policy and all subsequent renewals until I request otherwise in writing.

☐ I reject only UIMPD Coverage for the following vehicles for this policy and all subsequent renewals until I request otherwise in writing.

| YR/MAKE/MODEL | YR/MAKE/MODEL |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

### DO NOT SIGN UNTIL YOU READ

_____  _____
USAA Number  Signature of Named Insured

_____  _____  _____
Home Phone  Alternative Phone  Date

Please complete this form and fax it to 1-800-531-8877 or mail it to USAA, 9800 Fredericksburg Road, San Antonio, Texas 78288; or **complete this form on usaa.com.**

If this form is sent by facsimile machine (fax), the sender adopts the document USAA receives as a duplicate original and adopts the signature receiving fax machine produces as the sender's original signature.

**999WA(24)** Rev. 2-08

PS.002216702.999WA

Page 3 of 4

USAA Confidential

PAGE  48
CIC    00221 67 02      7102

THIS PAGE INTENTIONALLY LEFT BLANK

**999WA(24)** Rev. 2-08
PS.002216702.999WA



Page 4 of 4

USAA Confidential

0901119ca62a5c85

**NOTICE PURSUANT TO RCW 48.30.015 (8)**

Your insured, Kerry Whitworth, hereby gives USAA Casualty Insurance Company notice of his intent to file a complaint in the Whatcom County Superior Court to pursue his claims against USAA Casualty Insurance Company's violations of RCW 48.30.015. The specific bases for each cause of action are listed below.

**Specific Violations of RCW 48.30.015 (1)**

USAA Casualty Insurance Company unreasonably denied payment of benefits to the Plaintiff by refusing to pay the PIP (Personal Injury Protection) of $50,000.00. That denial occurred despite the fact USAA Casualty Insurance Company is in possession of all information necessary to determine Plaintiff was involved in a covered collision on April 29, 2018 and the Plaintiff continues to require reasonable and necessary medical care for the injuries sustained in the covered collision.

USAA Casualty Insurance Company damaged Plaintiff in an amount to be proven at trial by unreasonably denying payments of the benefits available under the PIP policy to Plaintiff.

**Specific Violations of RCW 48.30.015 (5)**

Plaintiff provided USAA Casualty Insurance Company multiple communications that went unanswered for months. Plaintiff promptly supplemented any information sought by USAA Casualty Insurance Company.

Despite multiple detailed communications from the Plaintiff and sufficient information to support the Plaintiff's requests for PIP benefits, USAA Casualty Insurance Company has denied



USAA Confidential

payment of Plaintiff's reasonable and necessary medical care on multiple occasions. Please see attached June 27, 2019 letter to USAA that has gone unanswered.

USAA Casualty Insurance Company violated its RCW 48.30.015 (5) (a) (WAC 284-30-330 (2)) by failing to acknowledge and act reasonably promptly upon communications from the Plaintiff with respect to Plaintiff's claims for PIP benefits.

USAA Casualty Insurance Company violated its RCW 48.30.015(5)(a) (WAC 284-30-330(4)) by refusing to pay Plaintiff's reasonable and necessary medical expenses for care required by the covered collision on April 29, 2018.

USAA Casualty Insurance Company violated its RCW 48.30.015(5)(a) (WAC 284-30-330(4)) by failing to adopt and implement reasonable standards to pay covered reasonable medical expenses after receipt of medical proof the care provided was to treat injuries caused by a covered collision.

USAA Casualty Insurance Company violated its RCW 48.30.015(5)(a) (WAC 284-30-380(1)) by denying Plaintiff's PIP benefits without providing the grounds of their denial based on a specific policy provisions, conditions or exclusions.

**DATED** this 10th day of September, 2019.

LESTER & ASSOCIATES, P.S., INC.

Tom Lester, WSBA #15814
Attorney for Kerry Whitworth

USAA Confidential

0901119ca62a5c85

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the law firm of Lester & Associates, P.S., Inc. and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on this date, I mailed via certified mail, return receipt requested, the above document to the following addresses:

Office of the Insurance Commissioner
P.O. Box 40255
Olympia, WA  98504-0255

USAA Casualty Insurance Company
9800 Fredericksburg Road
San Antonio, TX 78288

USAA Casualty Insurance Company          *and via Email: 5c9hb9wp7795@claims.usaa.com*
Attn:  Charles L. Tillman, Jr.
P.O. Box 26001
Daphne, AL 36526

USAA Casualty Insurance Company          *and via Email: 5c9hb9wp7795@claims.usaa.com*
Attn:  Victoria T. Garcia
P.O. Box 26001
Daphne, AL 36526

**DATED** this 10th day of September, 2019 at Bellingham, Washington.

Sherri Courtney

USAA Confidential

0901119ca62a5c85

*The Law Offices of*
## LESTER & ASSOCIATES, P.S., INC.
*119 N. Commercial St., Ste. 175*
*Bellingham, WA 98225*
*Telephone: (360) 733-5774*
*Facsimile: (360) 733-5785*

TOM LESTER

tom@lesterandassociates.com

June 27, 2019

Dan Theda
USAA Casualty Insurance Co.
P.O. Box 26001
Daphne, AL 36526

|  |  |  |  |
|---|---|---|---|
| **Re:** | **Our Client/Your Insured** | : | **Kerry Whitworth** |
|  | **Claim No.** | : | **002216702-022** |
|  | **Date of Loss** | : | **April 29, 2018** |

Dear Mr. Theda:

Over the last few months USAA has refused to pay certain medical bills for Kerry Whitworth's medical treatment for injuries resulting from the April 29, 2018 collision. We assert those denials do not meet USAA's obligations under its contract with its insured or Washington Law. This communication is to allow USAA to review and remedy USAA's refusals. Some of the denials are outlined below and requests for any support for the denials. A separate correspondence is necessary to address the issues with USAA's payment of Pacific Rim Orthopaedic Surgeons' bills.

5/01/18 and 5/08/18 – Mt. Baker Imaging

USAA denied payment of these diagnostic x-rays and MRI requested by Dr. Banjanin to allow diagnosis of injuries from the collision. Initially USAA claimed this care was not related to the collision. USAA eventually made partial payment ($1,557.74 on February 2, 2019) of the outstanding obligations by arbitrarily deciding the reasonable amount of charge. We request USAA pay the remaining balance due for this causally related care or provide a written analysis providing the following:

1

USAA Confidential

0901119ca62a5c85

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.
- Any research done by USAA to determine the charge billed is not reasonable.

**6/16/18 – Mt. Baker Imaging**

USAA denied payment of these diagnostic x-rays and MRI requested by Dr. Banjanin to allow diagnosis of injuries from the collision to your insured's lower legs. USAA claims this care is not related to the collision. We request USAA pay the remaining balance due for this causally related care or provide a written analysis providing the following:

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.
- Any research done by USAA to determine the charge billed is not reasonable.

**8/28/18 – Associates in Family Medicine**

USAA denied payment of the visit with its insured's doctor to review injuries from collision. USAA claims this care is not related to the collision based upon an AIS evaluation by Timothy Chen, MD. We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Timothy Chen, MD.
- Research USAA conduct to determine the charges billed are not related to the collision other than the AIS analysis.

**8/30/18 - Mt. Baker Imaging**

USAA denied payment of these office diagnostic x-rays and MRI requested by Dr. Banjanin to allow diagnosis of injuries from the collision to your insured's shoulder. Dr. Banjanin and Dr. McQueen both connect the shoulder injury to seatbelt in the collision. USAA claims this care is not related to the collision based upon an AIS evaluation by Timothy Chen, MD. We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

2

USAA Confidential

0901119ca62a5c85

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Timothy Chen, MD.
- Research USAA conduct to determine the charges billed are not related to the collision other than the AIS analysis.

## 9/24/18 – Fourth Corner Neurologist

USAA denied payment of this office visits requested by Dr. Banjanin to allow diagnosis of injuries from the collision to your insured's continuing neck issues. Dr. Banjanin connects the neck injuries to the collision. USAA claims this care is not related to the collision based upon an AIS evaluation by Arthur Gillman, MD. We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Arthur Gilman, MD.
- Research USAA conduct to determine the charges billed are not related to the collision other than the AIS analysis

## 9/28/18 – Lynden Family Physical Therapy

USAA denied payment of this physical therapy prescribed by Dr. Thorpe for injuries from the collision to your insured. Dr. Thorpe prescribed the physical therapy on September 18, 2018. USAA paid for physical therapy occurring 10/1/18 from the same prescription. USAA claims this care is not reasonably necessary and not related to symptoms from the collision. We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Wadih Joseph Absi, MD.
- Research USAA conduct to determine the physical therapy is not reasonable and/or related to symptoms from the collision.

## 9/28/18 – Lynden Family Physical Therapy

After multiple communications, USAA chose to pay $102.44 of the $130.00 charge for the 9/28/18 physical therapy section. USAA claims the $130.00 charge exceeds the reasonable amount for a physical therapy session. We request USAA pay the remaining balance due for this causally related care or provide a written analysis providing the following information:

0901119ca62a5c85

USAA Confidential

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.
- Any research done by USAA to determine the charge billed is not reasonable.

**10/01/18 – Lynden Family Physical Therapy**

After multiple communications, USAA chose to pay $204.88 of the $260.00 charge for the 10/01/18 physical therapy section. USAA claims the $260.00 charge exceeds the reasonable amount for a physical therapy session. We request USAA pay the remaining balance due for this causally related care or provide a written analysis providing the following information:

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.

**10/02/18 – Mt. Baker Imaging**

USAA denied payment of $1,937.25 for a diagnostic MRI requested by Dr. McQueen to allow diagnosis of injuries from the collision to your insured's neck. Dr. McQueen connects the neck injury to the collision. Initially, USAA claims it needs documentation to determine whether a neck injury causally related to the collision requires an MRI. Eventually, USAA has Dr. Craig A. Feder opine an MRI to not be medically reasonable or necessary care. USAA also had Dr. Mark S. Lebovits identify the connection of neck issues to the collision and then opine an MRI not be medically reasonable or necessary care. We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Any evidence that supports USAA refusing to pay this item.
- Any research USAA conduct to determine an MRI is not medically necessary to diagnose neck injuries from a collision.
- Curriculum Vitae for Craig A. Feder, MD.
- Curriculum Vitae for Mark S. Lebovits, MD.
- Any legal authority USAA relies upon to deny a treating doctor the opportunity to use an MRI to diagnose neck injuries from a collision.

4

0901119ca62a5c85

USAA Confidential

**10/04/18 – Fourth Corner Neurosurgical**

USAA denied payment for this office visit requested by Dr. Banjanin to allow diagnosis of injuries from the collision to your insured's neck. Dr. Banjanin connects the neck injury to the collision. USAA claims this care is not medically reasonable or necessary based upon an AIS evaluation by Arthur Gillman, MD. We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Arthur Gilman, MD.
- Research USAA conducted other than the AIS analysis to determine a neurological exam is not medically reasonable or necessary when a patient experiences continued neck pain for five months despite conservative treatment.

**10/08/18 – Associates in Family Medicine**

USAA denied payment of insured's visit with his doctor to review concussion experienced in collision and treatment of the depression resulting from the collision. USAA claims this care is not medically necessary nor related to the collision. We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Any research USAA conduct to determine an MRI is not medically necessary to diagnose neck injuries from a collision.
- Any legal authority USAA relies upon to deny a treating doctor the opportunity to use an MRI to diagnose neck injuries from a collision

**10/09/18 – Lynden Family Physical Therapy**

USAA refused to pay $195.00 for physical therapy that included direct patient contact. USAA points to the National Correct Coding Initiative as its basis for denial. We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Any evidence that supports USAA refusing to fully pay this item.
- Research USAA conduct to determine the physical therapy sessions conducted on 10/09/18 is not reasonable care.

**10/09/18 - 11/01/18 - Lynden Family Physical Therapy**

After multiple communications, USAA chose to pay only $204.88 of the $260.00 per-visit charges for the seven physical therapy sessions from 10/09/18 – 11/01/18. USAA claims

5

USAA Confidential

the $260.00 charge exceeds the reasonable amount for a physical therapy session. We request USAA pay the remaining balance due for this causally related care or provide a written analysis providing the following information:

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.

**11/07/18 – Peace Health Service Area**

USAA denied payment of insured's visit with his doctor to review abnormalities in gait and migraines resulting from the collision.   USAA claims this care is not medically necessary nor related to the collision based upon an AIS opinion from Terence McAlarney MD.  We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Any research USAA conducted to determine insured's abnormal gait and migraines are not causally related to this collision.
- Any research USAA conducted to determine insured's abnormal gait and migraines were preexisting conditions that were not aggravated by this collision.
- Any legal authority USAA relies upon to deny a treating doctor the opportunity to meet with insured to treat insured's abnormal gait and migraines causally related to the collision.
- Curriculum Vitae for Terence McAlarney MD.
- Research USAA conducted other than the AIS analysis to determine the collision did not aggravate any of insured's pre-existing conditions.

**12/28/18 – Bellingham Anesthesia Assoc.**

USAA denied payment of the anesthesia costs for insured's shoulder injury surgery made necessary by the collision.  Both Dr. Banjanin and Dr. McQueen connect the shoulder injury to seatbelt constriction in the collision. USAA claims this care is not related to the collision.  We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Research USAA conduct to determine the charges billed are not related to the collision other than the AIS analysis.

6

USAA Confidential

0901119ca62a5c85

- Any research USAA conducted to determine insured's need for shoulder surgery is not causally related to this collision.
- Any research USAA conducted to determine insured's shoulder issues were preexisting conditions and were not aggravated by this collision.
- Research USAA conducted other than the AIS analysis to determine the collision did not aggravate any of insured's shoulder conditions.

12/31/18 – Lynden Family Physical Therapy

USAA denied payment of this physical therapy prescribed by Dr. Thorpe for injuries from the collision to your insured. Dr. Thorpe prescribed the physical therapy on 9/18/18. USAA paid for physical therapy occurring 10/1/18 – 11/1/18. USAA claims this care is not reasonably necessary and not related to symptoms from the collision. USAA relies upon an AIS opinion provided by Wadih Joseph Absi. We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Curriculum Vitae for Wadih Joseph Absi, MD.
- Research USAA conduct to determine the physical therapy is not reasonable and/or related to symptoms from the collision.

1/02/19 - 3/14/19 - Lynden Family Physical Therapy

After multiple communications, USAA chose to pay some physical therapy session charges in full, not pay others at all, pay only $153.66 for a $195.00 charge and pay only $204.88 of the $260.00 per-visit charges for the two sessions. USAA claims the $195.00 charge and the $260.00 charge exceeds the reasonable amount for a physical therapy session. We request USAA pay the balances due for this causally related care or provide a written analysis providing the following information:

- Any evidence relied upon by USAA to determine this charge exceeds the reasonable charge for such service.
- Any legal authority USAA relies upon to pay an amount different than the billed amount.

1/02/19 - 3/14/19 - Lynden Family Physical Therapy

In addition, USAA relies upon an AIS opinion provided by Wadih Joseph Absi, MD that this physical therapy is not related to the collision nor medically reasonable to support its refusal to pay for certain visits. We request USAA pay the balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.

7

USAA Confidential

- Curriculum Vitae for Wadih Joseph Absi, MD.
- Research USAA conduct to determine the physical therapy is not reasonable and/or related to symptoms from the collision.

**1/16/19 – Associates in Family Medicine**

USAA denied payment of insured's visit with his doctor where a diagnosis of sprain of ligaments of cervical spine, aggravation of multiple pre-existing problems, chronic pain exacerbating Addison crisis, wrist surgery, multiple joint pain and loss of twelve pounds. All these issues are causally related to the collision by Dr. Banjanin.   USAA claims this care is not medically necessary nor related to the collision based upon an AIS opinion from Timothy Chen MD.  We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Any research USAA conducted to determine these diagnoses are not causally related to this collision.
- Any research USAA conducted to determine these conditions suffered by insured were preexisting conditions and were not aggravated by this collision.
- Any legal authority USAA relies upon to deny a treating doctor the opportunity to meet with insured to monitor and treat insured's ongoing medical problems causally related to the collision.
- Curriculum Vitae for Timothy Chen MD.
- Research USAA conducted other than the AIS analysis to determine the collision did not aggravate any of insured's pre-existing conditions.

**1/18/19 – Mt. Baker Imaging LLC**

USAA denied payment of these office diagnostic x-rays and MRI requested by Pacific Rim Orthopaedic Surgeons to allow diagnosis of injuries from the collision to your insured's shoulder.  Dr. Benjanin and Dr. McQueen both connect the shoulder injury to seatbelt in the collision.  USAA claims this care is not related to the collision based upon an AIS opinion from Timothy Chen MD..  We request USAA pay the remaining balance due for this causally related care or provide a written analysis with the following items:

- Evidence that supports USAA refusing to fully pay this item.
- Any research USAA conducted to determine these diagnoses are not causally related to this collision.
- Any research USAA conducted to determine these conditions suffered by insured were preexisting conditions and were not aggravated by this collision.

8

USAA Confidential

0901119ca62a5c85

- Any legal authority USAA relies upon to deny a treating doctor the opportunity to obtain diagnostic services to allow doctor to monitor and treat insured's ongoing medical problems causally related to the collision.
- Curriculum Vitae for Timothy Chen MD.
- Research USAA conducted other than the AIS analysis to determine the collision did not injure insured's shoulder.

USAA has until July 31, 2019 to pay the items identified above. If USAA chooses to continue its denial of these causally-related-reasonable-medical expenses, your insured will be forced to pursue his bad faith and IFCA remedies against USAA. Of course, those remedies from USAA include payment of all of Mr. Whitworth's damages, all reasonable attorneys' fees and costs incurred in this foray and all the available damage multipliers under Washington IFCA statutes. Don't force an unnecessary waste of time and resources for all.

Sincerely,

**LESTER & ASSOCIATES, P.S., INC.**

Tom Lester

TEL/slc

9

0901119ca62a5c85

USAA Confidential



U.S. POSTAGE >> PITNEY BOWES

ZIP 98501 $ 006.15
02 4W
0000354556 NOV 05 2019

FIRST CLASS



CERTIFIED MAIL



7018 1130 0001 8336 5366

OFFICE OF THE INSURANCE
COMMISSIONER

PO Box 40255
Olympia, WA 98504-0255

USAA CASUALTY INSURANCE COMPANY
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW SUITE 304
TUMWATER WA 98501



0901119ca62a5c85

USAA Confidential